On May 22, 1890, and .long before and since, Berdan & Co., plaintiffs in error, carried on a wholesale grocery business in a building [fronting on St. Clair street in the, city of Toledo, a street 66 'feet wide, with a double track street railway in thejcenter, and a stone walk on each side 15 feet wide, the streets and walks being much used by the public; the building extending^back from the street to the alley in the rear, and having a doorjalso opening on the alley. They received at and shipped from their said building a large amount of grocer’s stock in boxes, packages and barrels over said walk on St. Clair street.
To haul the goods they employed drays which were backed up to the curb stone with the rear of their beds projecting over the outer part of the sidewalk about a foot, and about twenty inches above it. Across the rear of the dray bed was fastened a rod over which hooked irons formed the outer end of the side pieces of a “skid” which was formed of two wooden bars about two by four inches and twelve feet long, and twenty inches apart, and were held parallel to each other by wooden cross-pieces, the other end of which “skid” rested upon an “incline” which was about four inches thick, on the edge next to the door sill against which it lay, and ran to a thin edge about three and one-half feet on the sidewalk outwardly from the door sill, said incline being about seven and one-half feet wide and the inner end of the skid, when in position for loading and unloading goods from a dray, coming up to within about three *271 feet of the door sill, thus forming an obstruction to those passing on that sidewalk entirely across the walk, except a three foot space over said incline around the inner end of the skid.
About one o’clock p. m.-, of said day, which was bright and pleasant, the skid was in said position, hooked on to the back end of a dray loaded with barrels of sugar, which was being unloaded and rolled down the skid into the building. Boxes and bales of goods were piled three or four feet high upon said walk on each edge thereof and for several feet on both sides of the skid, and coming up to within- three and ■one-half to five feet of the side, in such a manner as to leave a clear space three or four feet wide about the middle ■of the sidewalk.
'After two or three of said barrels had been unloaded, it became necessary to swing the inner end of the skid around towards the north (to the right when facing the building) ■partly off said incline, so as to allow a hand truck loaded with goods to pass from the south walk of the skid up said incline to the building. An employe of Berdan & Oo, had thus swung the skid around, and the truck had passed in, when a lady came along said walk from the south and started "to go around the inner end of the skid and across the in-line, but turned when she reached the end of the skid, and went back. The said employe thereupon, being on the south side of the skid, immediately stepped across to the north side of it, turned around, bent over and took hold of the ■skid to re-adjust it to the dray in order that the unloading might proceed, and at that instant the defendant in error, a business man of Toledo for many years, 37 years of age, with health and faculties unimpaired, came along said walk from the north unobserved by said employe, and glancing at the dray and doorway, but without pausing, or looking at either end of the skid, stepped upon it near where said employe then had hold of it, and by reason of its outer and *272 northerly rail not being supported on the dray, on account of its being swung to the north, as aforesaid, it tipped, and the defendant in error fell to the walk and sustained a severe injury to his elbow. The position of the skid, and one rail so as aforesaid unhooked, could have been seen by .him plainly, had he looked at it.
Held, by the circuit court, that Berdan & Co. had a right to the reasonable use of the sidewalk and said skid for the purpose of receiving and shipping goods at and from their store, and that, while in the careful and reasonable use of the same, they might lawfully obstruct the walk temporarily, and that persons using the walk must either wait until such temporary hindrance was removed, or otherwise avoid it; or, if with reasonable care they could pass over, they must exercise such reasonable care in choosing the manner of passing, and in the act of passing.
Held, also, that a verdict against the plaintiffs in error, when the facts, as aforesaid stated, are undisputed, is not warranted by the evidence, and that the judgment should be reversed and the verdict set aside and the cause remanded, to the court of common pleas for a new trial.